The majority concludes that the trial court correctly found a justiciable controversy. From this conclusion I must respectfully dissent.
Here, when the ex-wife requested the Bank to pay for the expensive treatment of the minor child, the Bank had two choices: it could either honor the request or refuse the request. However, the Bank did neither, feeling that it "would be in a conflicting position as to whether to pay for the treatment or pay the debt of the trust to the settlor." I am unable to equate a "conflicting position" with a justiciable controversy. In my opinion, this concern was clearly ananticipated conflict and not a real and present controversy as required by the Declaratory Judgment Act. It was brought about by the Bank's inability to make a decision on whether to pay $400.00 per day for support and maintenance of the minor. By its own inability to make a decision in the administration of the trust, the Bank acted prematurely in filing this lawsuit. In my opinion, the Bank has breached the terms of the trust agreement by impairing its ability to meet specified obligations to the settlor. It has, in this action, attempted to pass to the courts its authority to administer the trust.
I cannot hold that there is a present justiciable controversy between the parties, or that there is any ambiguity in the trust instruments, that could precipitate this lawsuit. Absent such a justiciable controversy or ambiguity, I would hold that the trial *Page 1372 
court's judgment is void for lack of jurisdiction.